UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SALVATORE P. CORDOVANO,

    Petitioner,

v.                                         Case No.:  2:24-cv-595-SPC-NPM

WARDEN, PINELLAS COUNTY
JAIL,

    Respondent.
_____/

## OPINION AND ORDER

Before the Court is Petitioner Salvatore P. Cordovano's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). Cordovano is a pretrial detainee being held in the Pinellas County Jail. He challenges his detention pending state charges in Pinellas County Court Case Nos. 23-07423-MM and 23-05766-CF.

The Court would normally transfer this case to the Tampa Division because it serves the county where Cordovano is detained, but that is not in the interest of justice here. Cordovano already sought habeas relief in that court in Case No. 8:24-cv-42-KKM-NHA. That action was dismissed under the *Younger* doctrine, which states that principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 45 (1971) (stating "absent

extraordinary circumstances" federal court should not enjoin state criminal proceedings).  Unhappy with the dismissal, Cordovano filed another petition in this division in Case No. 2:24-cv-270-JLB-KCD.  That action was dismissed as duplicative.  Cordovano did not appeal either dismissal.

The grounds stated in Cordovano's latest petition are the same or substantially similar to those in his prior petitions, and it should be dismissed for the same reasons.  First, Cordovano provides no reasons for this Court to overlook the abstention principle, nor does he allege any facts that warrant application any exception to the *Younger* doctrine. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).[1]  What is more, the petition is duplicative of Cordovano's prior habeas actions.  If a detainee disagrees with dismissal of his habeas petition, he should seek a certificate of appealability from the court of appeals.  He cannot keep re-filing the petition in the hopes a different judge will give him a different result.  *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the

---

[1] Noting the Supreme Court in *Younger* set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Ibid*.

United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because Cordovano is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability. It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Cordovano must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El*, 537 U.S. at 335-36. Cordovano has not made the requisite showing.

Accordingly, it is now

**ORDERED:**

1. Salvatore P. Cordovano's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close this file.

3. Cordovano is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on June 27, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:     FTMP-1
Copies:   All Parties of Record

4